THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES WHITE, Respondent, v. ARPHAXED LOOMIS, Appellant.

*Lease — what agreements are to be treated as part of it — what payments are to be made as part of the rent — Justice of the peace — has four days within which to decide in summary proceedings.*

One A. Loomis leased a paper mill belonging to him to the firm of Kingston & Co., they agreeing to pay therefor two dollars and fifty cents per ton for all paper made therein. Loomis agreed to pay the expense of putting the machinery in order, and they agreed to run the mill until the rent received should equal the amount so to be expended, when they were to be at liberty to terminate the lease, or continue it for three years from the time they commenced to run the mill. After the repairs had been made and the lessees had taken possession of and were operating the mill, the following memorandum of agreement was indorsed upon the lease:

" A. L. to pay for new chimney and washer. If the increased rent over five tons a week does not pay the cost in one year, then Kingston & Co. agree to pay the deficiency."

In January, 1879, the new chimney and washer were put in at Loomis' expense, and thereafter, and in April of that year, the lessees, with the consent of Loomis, assigned the lease to the relator, who bound himself " to pay, perform and fulfill in all things on their part."

*Held,* that the agreement to pay any difference that there might be between the amount of the rent to be received for the number of tons of paper in excess of five, manufactured during each week, and the cost of the chimney and washer, was an agreement to pay it as rent.

That the assignee was bound to pay the deficiency, if any there were, as rent.

That for his failure so to do he might be removed by summary proceedings.

A justice of the peace, before whom summary proceedings are instituted, has four days within which to make his decision.

Appeal from a judgment, entered upon a decision of the Lewis Special Term, on *certiorari*, reversing a final order of a justice of the peace in summary proceedings, and awarding restitution.

The appellant Loomis leased a paper mill to the firm of Kingston & Co. at a rent of two dollars and fifty cents per ton for all paper made. Loomis was to pay the expense of putting the machinery and apparatus in running order. The lessees were to run it long enough to pay by the rent the amount expended by Loomis for repairs, and were then to be at liberty to terminate the lease, or, at

their option, to continue the same for the term of three years from the time they should commence running.

*Arphaxed Loomis,* appellant, in person.   *S. S.. Morgan,* of counsel.

*H. Clay Hall,* for the respondent.

Sᴍɪᴛʜ, P. J :

In August, 1878, the appellant leased a paper mill at Little Falls, with its machinery and apparatus, for a contingent term, to Kingston & Co., who were to pay rent therefor at the rate of two dollars and fifty cents upon each ton of paper made in the mill. The lessees took possession of the mill and operated it, and in the following November a memorandum of agreement between them and the lessor was indorsed upon the lease in the following words : "A. L. to pay for new chimney and washer. If the increased rent over five tons a week does not pay the cost in one year, then Kingston & Co. agree to pay the deficiency." The new chimney and washer were put in in January, 1879, at the cost of the landlord. In April, Kingston & Co., with the consent of the landlord, assigned the lease to the relator White, and he bound himself to "pay, perform and fulfill in all things on their part." White paid rent from time to time, at the specified rate per ton of paper made by him, but as after paying at the rate of five tons per week there was nothing to apply on the cost of the chimney and washer, the landlord, at the end of the year after they were put in, demanded pay for them of White, and he refused. Thereupon the proceedings herein were instituted to recover possession of the premises, on the ground of the non-payment of rent.

In the view we take of the case the only question is whether, by the proper construction of the indorsement on the lease, Kingston & Co. agreed to pay the deficiency in the cost of the chimney and washer as *rent.* We think they did for several reasons. The indorsement is very concise, but it is apparent from its language and from the fact that it is written upon the lease that it refers to the rent of the premises therein demised. It shows clearly that the parties to it supposed the stipulated additions would increase

the capacity of the mill to turn out paper and so add to the value of its use; that, however much its capacity might thereby be augmented, the lessees were to continue to pay rent at the rate of two dollars and fifty cents for each ton of paper manufactured, and that if the increase was sufficient over five tons a week to pay the cost of such improvements, such cost was in that event to be paid from that source, in which case it obviously would have been simply an increase of rent. When the agreement provided that in case the increased manufacture should fail to pay such cost the lessees would pay the deficiency, the parties still had in view the value of the use of the premises in their improved condition and were still providing for the payment of rent. A similar mode of fixing the amount of rent to be paid was adopted in the original lease, which provided that Loomis should pay the expense of putting the machinery and apparatus in running order, and Kingston & Co. were to run the mill long enough to pay by the rent the amount expended by Loomis for repairs. The effect of the indorsement is the same as if it had been incorporated in the lease, and in that event there could hardly be a doubt that it related to the payment of the rent.

The lessees had a direct interest in having the proposed additions made during the first year as they had the option of continuing the lease for two years thereafter.

If we are right in holding that Kingston & Co. agreed in case of deficiency, etc., to pay the cost of the additions as rent, their assignee, White, is equally bound by his agreement to pay "and fulfill in all things on their part." That agreement, also, was indorsed on the lease, and as it was underneath the agreement between Kingston & Co. and Loomis above referred to, White must be deemed to have had notice of the latter agreement and to have intended to include it in his own. The extrinsic evidence is to the same effect.

The respondent insists that the justice by delaying the rendition of judgment until four days after the case was submitted to him lost jurisdiction. We think that where summary proceedings are instituted before a justice of the peace all the provisions in respect to the mode of procedure in actions in justices' courts apply to such proceedings except as otherwise prescribed by statute. Thus the provision giving the justice four days after the submission of the cause to him to render his final decision in certain cases is

applicable to these proceedings before a justice. (2 R. S., 247, § 124; see Laws 1849, chap. 193, § 5, sub. 1.)

For these reasons we are of the opinion that the judgment and order of the Special Term should be reversed and the determination of the justice affirmed, with costs.

HARDIN and HAIGHT, JJ., concurred.

So ordered.